```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Matthew Leo Legette, #344367, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:17-2896-BHH |
| v. ) | |
| ) | |
| Cpl. McBee, ) | **ORDER** |
| Lt. Larry, ) | |
| Warden Dean, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Matthew Leo Legette's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that he was assaulted by other inmates on May 27, 2016, after Defendant McBee left his door unlocked, and that he suffered serious injuries as a result.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 13, 2017, Magistrate Judge Thomas E. Rogers, III issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court summarily dismiss this action without prejudice and without issuance and service of process because Defendants, who are sued in their official capacities only, are entitled to Eleventh Amendment immunity. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed, and Plaintiff has not attempted to file an amended complaint.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this case is subject to summary dismissal.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 9) and dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

December 4, 2017
Charleston, South Carolina